UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LORRAINE G. MOORE                          :
1947 Tanow Place
District Heights, Maryland 20747           :

     Plaintiff,                          :

v.                                         :        Case No.:

WASHINGTON METROPOLITAN AREA               :
TRANSIT AUTHORITY
300 7ᵗʰ Street NW                           :
Washington, DC 20024
     Serve On:                           :
     PATRICIA Y. LEE, Chief Legal Officer
     and General Counsel                 :
     300 7ᵗʰ Street SW
     Washington, DC 20024                :

     Defendant.                          :

## **COMPLAINT**

COMES NOW the Plaintiff, LORRAINE G. MOORE, by and through her attorneys, Alison M. Heurich and the Law Office of Farmer & Klopfer, and sues the Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, and for reasons therefore states:

1.     This Court has jurisdiction of this case pursuant to Md. Code. Ann. Transp. §10-204 (81).

2.     Venue lies in this judicial district pursuant to Md. Code. Ann. Transp. §10-204 (80) (a), this being the district in which a substantial part of the events or omissions giving rise to the claim occurred.

3.      Defendant Washington Metropolitan Area Transit Authority is an agency, sui juris, created by an Act of Congress and responsible for the operation of public transportation in the metropolitan Washington tri-state area.

4.      That at all times relevant hereto, the Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, owned and operated the MetroAccess bus.

5.      That at all times relevant hereto, Plaintiff, LORRAINE G. MOORE, was a resident of District Heights, Prince George's County, Maryland and was an invitee of the Defendant.

## COUNT I
### (Negligence – Washington Metropolitan Area Transit)

6.      That on or about October 13, 2022, the Plaintiff, LORRAINE G. MOORE, was an invitee on the MetroAccess bus.

7.      The Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, as an owner and operator of the MetroAccess bus, owed a duty to the Plaintiff, LORRAINE G. MOORE, and other invitees, to use ordinary care to operate the buses that the Plaintiff, and other invitees, reasonably may have been expected to use, were operated reasonably safe and if not safe, to take reasonable measures to remediate the unsafe conditions and give reasonable notice of the unsafe operation or condition.

8.      The Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, breached its duty to the Plaintiff, LORRAINE G. MOORE, by its driver failing to use ordinary care to ensure that the ramp did not close on the Plaintiff and to operate said ramp in a reasonably safe condition, and to give proper notice to bus riders that the ramp was closing thereby causing the Plaintiff to be injured when the ramp closed on her causing her injuries.

9.    The Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, breached its duty to the Plaintiff, LORRAINE G. MOORE, by failing to use ordinary care to ensure that the bus ramp and all associated parts, to include but not limited to the sensors, were properly installed, properly placed, properly maintained, properly monitored, and properly regulated and if not, to give reasonable notice to the Plaintiff, and other invitees, of the existence of the hazardous or dangerous condition created by the ramp that had the capability of closing on a person, causing severe bodily injury.

10.    The Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, was negligent in that it failed to take reasonable steps to inspect or examine the ramp and operations of the ramp for faulty sensors, misplaced sensors, blocked sensors, or any other malfunction or failure that caused the ramp to be capable of closing onto someone and to remove or repair the ramp, or give reasonable notice and or warning of the presence of such hazardous or dangerous conditions, when it knew or should have known that such conditions were present and/or likely to occur; the Defendant failed to promptly remove, repair, or block pedestrian access to the ramp and failed to place signs or other warnings of the hazardous or dangerous condition, when it knew or should have known of the existence of the ramp with the capability of closing on someone located on their MetroAccess bus.

11.    The Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, was negligent in the maintenance and monitoring of their property, failed to have sufficient policies, barriers, clear and marked pathways to control customer/invitees foot traffic, failed to have a clear and accessible alternate exit, and otherwise failed to act reasonably and responsibly as owners/operators of the property as they knew or should have known of the dangers presented to invitees.

12.     That as a direct and proximate result of the negligence of the Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, the Plaintiff, LORRAINE G. MOORE, without any negligence on her part contributing thereto, upon exiting the MetroAccess bus, had the ramp close on her, and as a result she was thrown back and fell off the ramp onto the ground, thereby causing severe bodily injury.

13.     That as a direct and proximate result of the negligence of the Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, the Plaintiff, LORRAINE G. MOORE, has been required to undergo lengthy medical care, medication, and numerous diagnostic procedures associated with her expensive medical costs, out of pocket costs, injuries, and pain and discomfort.

14.     That as a further and proximate result of the Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY's, negligence, the Plaintiff has suffered anxiety, fear, and emotional stress associated with extensive medical and diagnostic procedures to which she has been subjected and which she will continue to experience.

15.     That as a further proximate result of the Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY's, negligence, the Plaintiff has incurred expenses associated with her medical treatment, diagnostic testing, and medication as well as transportation costs to and from her treatment, and she will continue to incur these expenses in the future.

WHEREFORE, the Plaintiff, LORRAINE G. MOORE, demands judgment be entered against the Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, with interest and costs.

Respectfully submitted,

_____
ALISON M. HEURICH, ESQUIRE
CPF # 0606130202
U.S. District Court Bar: 16892
Law Office of Farmer & Klopfer
3475 Leonardtown Road, Suite 200
Waldorf, Maryland 20601
aheurich@farmer-law.com
(301) 843-3890
*Attorneys for Plaintiff*

## ELECTION FOR JURY TRIAL

Plaintiff, LORRAINE G. MOORE, by and through her attorneys, Alison M. Heurich and the Law Office of Farmer & Klopfer, demands a trial by jury as to all issues.

_____
ALISON M. HEURICH, ESQUIRE