UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LORRAINE G, MOORE,**<br><br>　　　　　**Plaintiff,**<br>　vs.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**<br><br>　　　　　**Defendant.** | **Case No.: 8:24-cv-2891- DKC** |

**JOINT MEET AND CONFER STATEMENT**

Per the Court's Order dated November 4, 2024 (ECF No. 5), Fed. R. Civ. P. 26(f) and L. R. Civ. 16.3, the parties have conferred with respect to the matters required by the foregoing authorities. Plaintiff Lorraine Moore ("Plaintiff") participated in the November 12, 2024 conference through her attorney, Alison M. Heurich Esq., and Mason C. Johnson, Esq. participated on behalf of the Defendant, Washington Metropolitan Area Transit Authority ("WMATA"). The parties jointly submit this report setting forth their positions on the matters discussed in the conference.

　A.　**BRIEF STATEMENT OF THE CASE**

　**Plaintiff's Contentions**

On October 13, 2022, the Plaintiff, Lorraine G. Moore, was an invitee on a WMATA MetroAccess bus. Defendant, WMATA, as an owner and operator of the MetroAccess bus, owed a duty to the Plaintiff, Lorraine G. Moore, and other invitees, to use ordinary care to operate the buses that the Plaintiff, and other invitees, reasonably may have been expected to use, were operated reasonably safe and if not safe, to take reasonable measures to remediate the unsafe conditions and give reasonable notice of the unsafe operation or condition. The Defendant,

WMATA, breached its duty to the Plaintiff, Lorraine G. Moore by its driver failing to use ordinary care to ensure that the ramp did not close on the Plaintiff and to operate said ramp in a reasonably safe condition, and to give proper notice to bus riders that the ramp was closing thereby causing the Plaintiff to be injured when the ramp closed on her causing her injuries.

**Defendant's Contentions**

On October 13, 2022, Plaintiff Lorraine Moore, was a passenger on a WMATA MetroAccess van. When the van arrived at its destination, the operator gave Ms. Moore instructions on how to alight the vehicle with the onboard lift. The operator assisted Ms. Moore onto the lift and instructed her to hold onto both yellow grab bars at all times while the lift was lowered from the van to the ground. Prior to pressing the control button to lower the lift from the van to the ground, the operator confirmed Ms. Moore had both hands on the two yellow grab bars affixed to the lift. While the lift was lowering to the ground, Ms. Moore ignored the operator's instructions and apparently released one or both hands from the two yellow grab bars, lost her balance, and fell backwards.

**B.      PROPOSED SCHEDULE**

The parties have conferred and agree to the scheduling order entered by the Court on November 4, 2024. The parties do not believe any modification of the Court's initial scheduling order is warranted at this time. The Court entered the following deadlines in the November 4, 2024 scheduling order.

> **Rule 26(a)(1) Initial Disclosures**: This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.
>
> **Deadline to Amend Pleadings/Join Additional Parties**: December 19, 2024
>
> **Proponent's Rule 26(a)(2) Disclosures**:  January 3, 2025
>
> **Opponent's Rule 26(a)(2) Disclosures**:   February 3, 2025

**Proponent's rebuttal Rule 26(a)(2) Disclosures:** February 18, 2025

**Rule 26(e)(2) supplementation of disclosures and responses:** February 24, 2025

**Discovery deadline; submission of status report:** March 19, 2025

**Requests for Admission:** March 26, 2025

**Dispositive pretrial motions:** April 18, 2025

**Pretrial Conference:** To be determined by the Court.

**Trial:** To be determined by the Court.

**C.    LOCAL RULE 16.3(c) MATTERS DISCUSSED BY THE PARTIES**

**1.    Dispositive Motions**

There are no dispositive motions currently pending before the Court. As suit was recently filed, the Parties do not yet have sufficient information to determine whether the case is likely to be disposed of by motion. The parties will file dispositive motions in accordance with the Court's April 18, 2025 deadline.

**2.    Joinder and Amendment & Factual and Legal Issues to Be Agreed Upon or Narrowed**

The Parties propose to amend pleadings and/or add additional parties in accordance with the December 19, 2024 deadline in this Court's Scheduling Order.

**3.    Assignment to Magistrate Judge**

The parties consent to having this Case assigned to a Magistrate Judge.

**4.    Settlement**

**Plaintiff:** Plaintiff is desirous to have an ADR after discovery is completed.

**Defendant**: WMATA does not believe this case is in settlement posture at this time.

**5.    ADR**

**Plaintiff:** Plaintiff is desirous to have an ADR after discovery is completed.

**Defendant**: WMATA does not believe that this case in a posture for Alternative Dispute Resolution at this time.

6. **Resolution by Summary Judgment & Dates for Dispositive Motions**

If a motion for summary judgment proves to be warranted, the parties agrees they will file their respective dispositive motions on or before April 18, 2025 in accordance with the Court's November 4, 2024 scheduling order.

7. **Initial Disclosures**

As stated in the Court's November 4, 2024 scheduling order, Fed. R. Civ. P. 26(a)(1) disclosures need not be made in this case.

8. **Discovery**

**Length of Fact Discovery**: March 19, 2025

**Limits Placed on Discovery Requests:** The parties propose that they be limited to 25 interrogatories, in accordance with the Federal Rules of Civil Procedure, and that requests for production of documents be limited to 25.

**Deposition Hours:** The parties agree that 40 hours of depositions of fact witnesses, including parties, is appropriate in this case.

9. **Electronically Stored Information**

Although the parties do not anticipate discovery of electronically stored information, at this time, if the issue arises, the parties agree that the discovery will be governed by the Federal Rules of Civil Procedure and this Court's rules.

10. **Privilege & Trial Preparation Materials**

WMATA's reports have information which will require redacting pursuant to the self-evaluative privilege. It is also possible that some documents requested during discovery will be protected as attorney work product and/or attorney-client privileged. For any such documents withheld, the parties shall produce a privilege log in accordance with the Federal Rules of Civil Procedure.

11. **Expert Witness Reports**

The parties propose that expert witness reports be made during the Rule 26(a)(2) disclosure deadlines provided in the November 4, 2024 scheduling order and that any supplementations of the expert witness reports be made by February 24, 2025.

**12.     Class Actions**

Not applicable.

**13.     Bifurcation**

The parties do not anticipate the need to bifurcate discovery and/or the trial.

**14.     Pretrial Conference**

The parties propose that the date for the Pretrial Conference be set after the Court rules on any dispositive motions, if filed.

**15.     Trial Date**

The parties propose that the trial date be set at the Pretrial Conference.

**16.     Other Matters**

None at this time.

DATE: November 18, 2024

                                      Respectfully submitted,

                                      Lorraine Moore
                                      By Counsel

By:     */s/ Alison M. Heurich*
        Alison M. Heurich #16892
        Law Office of Farmer & Klopfer
        3475 Leonardtown Road, Suite 200
        Waldorf, MD 20601
        aheurich@farmer-law.com

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
By counsel

By:     */s/ Donna L. Gaffney*
        Donna L. Gaffney # 16299
        (202) 962-2721
        dlgaffney@wmata.com

        */s/ Mason C. Johnson*
        Mason C. Johnson #31285
        WMATA Legal & Compliance
        P.O. Box 23768
        Washington, D.C. 20026-3768
        (202) 962-2158
        mcjohnson@wmata.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2024, a true and accurate copy of the foregoing was served on the undersigned counsel of record via the Court's ECF system:

Alison M. Heurich
Law Office of Farmer & Klopfer
3475 Leonardtown Road, Suite 200
Waldorf, MD 20601
Email: aheurich@farmer-law.com

        */s/ Mason C. Johnson*
        Mason C. Johnson